UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ORSON D. MUNN III AND CHRISTINE MUNN,<br>AS PARENTS AND NEXT FRIENDS OF C. M.,<br>AND INDIVIDUALLY, | : | |
| | : | 3:09:CV:0919 (SRU) |
| Plaintiffs, | : | |
| | : | |
| V. | : | |
| | : | |
| THE HOTCHKISS SCHOOL, | : | |
| | : | |
| Defendant. | : | AUGUST 6, 2009 |

## **FORM 26(f) REPORT OF PARTIES' PLANNING MEETING**

<u>Date Complaint Filed</u>: June 10, 2009

<u>Date Complaint Served</u>: June 15, 2009

<u>Date of Defendant's Appearance</u>: June 30, 2009

Pursuant to Fed. R. Civ. P. 16(b) and 26(f) and D. Conn. L. Civ. R. 26(e), a conference was held on July 9, 2009 and other dates. The participants were (i) David S. Golub, Esq. for plaintiffs; and (ii) Luke M. Pittoni, Esq. and Brittany S. Cates, Esq. for defendant.

**I.     Certification.**

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

**II.    Jurisdiction.**

A.    <u>Subject matter jurisdiction</u>.  This Court has subject matter jurisdiction over

plaintiffs' claims pursuant to 28 U.S.C. § 1332(a) (diversity of citizenship) in that plaintiffs are

citizens of the State of New York and defendant is a citizen of the State of Connecticut, and the

amount in controversy exceeds $75,000.00, exclusive of costs and interest.

B.    <u>Personal jurisdiction</u>.  The defendants were personally served by service of

process or on their designated agents for service for process.  Personal jurisdiction is not

contested.

**III.    Brief Description of Case.**

A.    <u>Claims of Plaintiff</u>.

Plaintiffs Orson D. Munn and Christine Munn bring this action on behalf of their minor

daughter, C. M., to recover for the catastrophic personal injuries she sustained during her

participation in a student summer travel program to China as a result of the negligence of

defendant The Hotchkiss School.  Plaintiffs seek to recover for their daughter's injuries and for

the substantial damages that she and they have sustained as a result of her physical injuries.

B.    <u>Defenses and Claims of Defendant</u>

Defendant denies that it or its employees were negligent.  Defendant further contends, as

special defenses, that plaintiffs were contributorily negligent, that they voluntarily assumed the

risk of their own culpable conduct, that they failed to mitigate damages, that plaintiffs have

waived and released any claims against defendant, and that plaintiffs' Complaint fails to set forth

a claim upon which relief can be granted.

2

**IV.     Statement of Undisputed Facts.**

Counsel certify that they made a good faith attempt to determine whether there are any material facts that are not in dispute, but state that, at this stage in the litigation, the facts that are undisputed are so limited that listing them would not assist the Court in any meaningful respect. The parties do agree that C.M. was a student at Hotchkiss School at the time of the events at issue. The parties expect that discovery will enable the parties to reach agreement with respect to a number of facts.

**V.     Case Management Plan.**

A.     <u>Standing Order on Scheduling in Civil Cases</u>.  The parties request modification of the deadlines in the Standing Order on Scheduling in Civil Cases as indicated below.

B.     <u>Scheduling Conference with the Court</u>.  The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C.     <u>Early Settlement Conference</u>.

1.     The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice and believe that the prospect for settlement is unknown at this time.  However, after the completion of discovery, settlement may be enhanced by mediation with a United States Magistrate Judge or by referral to the special masters program or private mediation.

2.     The parties do not request an early settlement conference.

3.     The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

D.     Joinder of Parties and Amendment of Pleadings.

      1.     Plaintiffs have no current plan to seek to join additional parties or to amend their Complaint, but reserves the right to move to amend in the future.

      2.     Defendant has no current plans seek to join additional parties or to amend its Answer and Special Defenses, but reserves the right to move to amend in the future.

E.     Discovery.

      1.     The parties anticipate that discovery will be needed on all factual issues raised in the Complaint and Answer and by defendant's Special Defenses.

      2.     All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced forthwith and completed by June 30, 2010.

      3.     Discovery will not be conducted in phases.

      4.     Discovery will be completed by June 30, 2010.

      5.     The parties anticipate that plaintiffs will require a total of approximately 10 depositions of fact witnesses and that defendants will require a total of approximately 10 depositions of fact witnesses. The depositions will commence forthwith and be completed by May 31, 2010.

      6.     The parties may request permission to serve more than 25 interrogatories.

      7.     Plaintiffs intend to call expert witnesses trial. Plaintiffs will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26 by March 1,2010. Depositions of any such experts will be completed by April 1,2010.

      8.     Defendant intends to call expert witnesses trial. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.

4

R. Civ. P. 26 by May 1, 2010. Depositions of any such experts will be completed by May 31, 2010. Plaintiffs' rebuttal experts, if any, will be disclosed and deposed by June 30, 2010.

      9.      A damage analysis will be provided by plaintiffs by March 1, 2010. The parties agree that defendant may conduct a defense medical examination of C.M.

      10.      Undersigned counsel have discussed the disclosure and preservation of electronically stored information, including, but not limited to, the form in which such data shall be produced, search terms to be applied in connection with the retrieval and production of such information, the location and format of electronically stored information, appropriate steps to preserve electronically stored information, and the allocation of costs of assembling and producing such information. The parties are currently seeking to reach agreement on the procedures to be applicable to these matters.

      11.      Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work product protections, including procedures for asserting privilege claims after production. The parties anticipate submitting these procedures in a proposed protective/confidentiality order.

      F.      <u>Dispositive Motions</u>. Dispositive motions will be served on or before August 1, 2010.

      G.      <u>Joint Trial Memorandum</u>. The Joint Trial Memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed at a date to be determined by the court.

## VI.   Trial Readiness.

The case will be ready for trial 60 days after the Court's ruling on any dispositive

motions, or 30 days after the filing of the Joint Trial Memorandum, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the

Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFFS ORSON D. MUNN III AND
CHRISTINE MUNN, AS PARENTS AND NEXT
FRIENDS OF C. M., AND INDIVIDUALLY

Date:   08/06/09

BY /s/   Craig N. Yankwitt
DAVID S. GOLUB  ct 00145
CRAIG N. YANKWITT ct 26165
SILVER GOLUB & TEITELL LLP
184 ATLANTIC STREET
P.O. BOX 389
STAMFORD, CT  06904
(203) 325-4491
(203) 325-3769 (facsimile)
dgolub@sgtlaw.com

Date:   08/06/09

DEFENDANT THE HOTCHKISS SCHOOL

BY   /s/   Luke Pittoni
LUKE M. PITTONI ct20247
BRITTANY S. CATES ct27106
HEIDELL, PITTONI, MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
(203) 353-1892 (facsimile)
lpittoni@hpmb.com
bcates@hpmb.com

6