IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| ORSON D. MUNN III AND CHRISTINE MUNN, AS PARENTS AND NEXT FRIENDS OF C.M., AND INDIVIDUALLY,<br><br>Plaintiffs,<br>V.<br><br>THE HOTCHKISS SCHOOL,<br><br>Defendant. | Case No.: **3:09-cv-0919 (SRU)**<br><br><br><br><br><br><br><br>DATED: MAY 18, 2010 |

### MOTION FOR ORDER COMPELLING DISCOVERY PURSUANT TO FRCP 37 (a)(1)

The defendant, THE HOTCHKISS SCHOOL, hereby moves this court for an order compelling plaintiffs to produce the following:

1. Sasha Munn's photographs from her 2006 and 2007 trips to China;

2. All outstanding medical records, laboratory analysis, and reports pertaining to C.M.;

3. All outstanding documents and materials as referenced by plaintiffs' counsel in various correspondence;

4. All outstanding responses to written informal discovery requests.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1

1

In support of this motion, the undersigned counsel for the movant hereby certifies that the undersigned has in good faith conferred with plaintiffs' counsel on numerous occasions regarding the outstanding discovery items noted above. Unfortunately, as set forth more fully below, plaintiffs have either neglected to produce relevant discovery materials to date, have attempted to shift the burden of acquiring plaintiff, C.M.'s, medical records onto the defendant, or have required that defendant agree to certain pre-conditions prior to production which infringe on defendant's ability to investigate and defend against plaintiffs' claims. As such, defendant seeks an order compelling plaintiffs to produce the above requested materials within a reasonable time period set by the court.

## I. BRIEF BACKGROUND

### a. Allegations

In their complaint dated June 10, 2009, plaintiffs have alleged that C.M., then a high school age boarding student at the defendant's school, participated in a summer study abroad program in China in 2007 which was organized and facilitated by the defendant. Plaintiffs have further alleged, *inter-alia*, that defendant was negligent in the following ways: Defendant did not develop a proper trip protocol for notifying students' parents of medical problems, failed to undertake appropriate pre-trip planning, failed to have medical personnel travel on the trip with students, failed to require students to take proper precautions against potential mosquito or tick

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1        2

bites, including requiring students to wear protective clothing, failed to warn C.M. about the risk of contracting viral encephalitis on the summer 2007 trip, failed to have established procedures in place for immediate transfer to the United States, and failed to advise against available vaccines against viral encephalitis.

Plaintiffs allege that the Hotchkiss program leaders took students participating in the 2007 China trip "hiking" in "rural" areas of China in short sleeve tops and shorts without utilizing insect repellant. It is alleged that "a number of students" suffered insect bites and developed illnesses. It is further alleged that as a result of the negligence of the defendant, C.M. contracted viral encephalitis while on this trip. The areas referenced in the complaint include a portion of the Great Wall of China and an adjacent national park.

### b. Alleged Medical Treatment in China

Plaintiff's allege that C.M. was treated at "a local medical facility in the China countryside, which also lacked qualified personnel to diagnose C.M.'s condition and which misdiagnosed her problems as cardiac-related." C.M. was transferred to Beijing United Medical Center where she received treatment prior to being transferred back to the United States.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                                3

### c. Medical Treatment/Analysis Subsequent to C.M's Return to the United States

According to the records of various providers, due to difficulty in determining the origin and cause of C.M's illness, which presented on the 2007 China trip, samples from C.M. were sent for laboratory analysis to the Centers for Disease Control, the California Department of Public Health, the New York Department of Public Health, Wadsworth Center, The Public Health Agency of Canada, and University of Texas at Galveston.

### d. Sasha Munn's 2007 Study Abroad Trip To China

Defendant has learned through discovery that C.M.'s older sister, who, in 2007 was a student at a comparable boarding school in New England to the defendant's school, attended a study abroad program in China at the same time as C.M.

Defendant has learned that in addition to the 2007 trip, Sasha Munn attended a study abroad program in China in 2006, and completed an internship in China in 2009.

## II. PROCEDURAL HISTORY RE: DISCOVERY

In further support of this motion, the defendant submits the following:

1. Defendant served initial interrogatories and requests for production of documents on plaintiff on September 17, 2009. Plaintiff provided initial responses on November 24, 2009.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

2.	Plaintiff served initial interrogatories and requests for production on defendant on December 16, 2009.  Defendant provided initial responses on February 12, 2010.

3.	On or about December 10, 2009, defendant consulted plaintiffs' counsel and advised that defendant planned to file a motion for permission to serve additional interrogatories and production responses.  In lieu of this, and as encouraged by the United States District Court, District of Connecticut, Order on Pre-Trial Deadlines, the parties agreed to propound and respond to additional informal written discovery requests.

4.	Consistent with the parties' agreement, defendant served a letter dated December 10, 2009 (annexed as Exhibit "A") on plaintiffs' counsel requesting, inter-alia, all of Sasha Munn's photographs from her 2006, 2007, and 2009 trips to China.

5.	In a letter dated March 11, 2010 (annexed as Exhibit "B") plaintiffs' counsel advised that Sasha Munn was in possession of photographs from her 2006 and was in the process of determining whether she had photos from the 2007 trip.  Plaintiffs' counsel agreed to provide copies of both the 2006 and 2007 photographs.  With regard to the 2006 photos, plaintiffs' counsel wrote, "If you would like have her make a copy of the album, she can do so the next time she is home from school…if you would like her to do so, and are willing to absorb the cost, please advise."  With regard to the 2007 photos, plaintiffs' counsel indicated that Sasha Munn was in Beijing for two to three weeks prior to visiting C.M. in the Beijing hospital, and had

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

Case 3:09-cv-00919-SRU   Document 28   Filed 05/18/10   Page 6 of 18


visited the Great Wall of China. With regard to the 2007 photos, plaintiffs' counsel wrote, "If she can find them, she will put them on a zip drive and we will provide." See paragraphs 2 and 3 of Exhibit "B"

6. On March 11, 2010, defense counsel assured plaintiffs' counsel that the defendant would cover the cost of copying the 2006 photos. Plaintiffs' counsel responded that he would request that his clients copy the album. See email chain attached as Exhibit "C."

7. On March 16, 2010, plaintiffs' counsel emailed four letters requesting articulation of defendant's discovery responses, propounding multiple follow up questions to defendant's responses, and propounding additional informal discovery requests. See Exhibit "D."

8. On March 16, plaintiffs' counsel advised defense counsel via email that plaintiffs had not had a chance to retrieve Sasha Munn's photographs but that this was expected to be done within the next few weeks. See Exhibit "E."

9. On March 25, 2010, plaintiffs' counsel advised, "We are also in the process of putting together some additional emails/correspondence that the parents have discovered, and will disclose next week." See Exhibit "F." Despite this representation, defendant has not received any additional discovery from plaintiffs.

10. On March 28, 2010, pursuant to the agreement of counsel to conduct discovery via informal requests, defendant provided comprehensive responses to all of plaintiffs' requests

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                                6

contained in the four letters attached hereto as Exhibit "D." <u>See</u> Exhibit "G." Defense counsel also provided follow up responses on April 8 and 23, 2010.

11.   On April 1, 2010, defense counsel again followed up with plaintiffs' counsel regarding Sasha Munn's photographs which still had not been produced to defendant. On April 2, 2010, plaintiffs' counsel advised that he would "follow up with the parents" and on April 5, plaintiffs' counsel advised that he expected the album in the next week and would "send it out to get copied and get you a copy." <u>See</u> email chain attached as Exhibit "H."

12.   On April 12, 2010, defense counsel advised plaintiffs' counsel via letter that the Centers for Disease Control required specific information regarding C.M. in order to fulfill the request for C.M's records. Defense counsel requested that plaintiffs' counsel provide the requested information as defense counsel has no way of learning this information except through plaintiffs' counsel. <u>See</u> Exhibit "I."

13.   On April 20, 2010, defense counsel again inquired as to when plaintiffs' counsel would be producing Sasha Munn's photographs. Plaintiffs' counsel responded that he was "trying to get the pictures out to be copied today or tomorrow." <u>See</u> email chain attached as Exhibit "J."

14.   On April 20, 2010, plaintiffs' counsel advised defense counsel of his opinion that Sasha Munn's photographs would not be "useful." He further indicated that he would provide

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                                7

the photographs and requested a response as to whether defense counsel would prefer to have all of the pictures copied. See email chain attached as Exhibit "J."

15.     On April 20, 2010, defense counsel advised plaintiffs' counsel to "please copy and send all of the pictures." Plaintiffs' counsel responded, "Will do." See email chain attached as Exhibit "J."

16.     On April 21, 2010, regarding Sasha Munn's photographs, plaintiffs' counsel advised, "We will send them out today." See Exhibit "K."

17.     On April 23, 2010, pursuant to the agreement of the parties, defense counsel propounded additional informal written discovery requests on plaintiffs through their counsel. Defense counsel further advised that neither Tianjin First Central Hospital (presumably referenced in the complaint, paragraph 25, as a "local medical facility in the China countryside") nor Beijing United Family Hospital had responded to requests for C.M.'s medical records. Defense counsel proposed having C.M.'s mother make the request as it was defense counsel's understanding that she speaks a dialect of Chinese. See Exhibit "L"

18.     On April 29, 2010, plaintiff's counsel advised defense counsel of "an issue" with Sasha Munn's photographs. This was the first indication of "an issue" despite plaintiffs' counsel being in possession of the pictures since April 20, 2010, and despite multiple previous assurances

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                         8

since March of 2010 that the photographs would be copied and produced to defense counsel. See Exhibit "M."

19.  On May 3, 2010, during a telephone conference, plaintiffs' counsel advised the undersigned counsel for defendant that Sasha Munn's photographs contained pictures of students smoking and playing with what appeared to be a toy gun. Plaintiffs' counsel further advised that it was his opinion that the photographs were irrelevant. Defense counsel advised plaintiffs' counsel that Sasha Munn's trips to China were extremely relevant to plaintiffs' claims against the Hotchkiss School as plaintiffs' have charged Hotchkiss with negligence, yet allowed their other daughter to participate in a similar program with a similar school and have not made claims of negligence against that school.

20.  On May 3, 2010, defense counsel requested that plaintiffs' counsel forward all of Sasha Munn's photographs to defense counsel, bates stamped or identified in some way. Defense counsel agreed to discuss concerns over any individual photos after defense counsel had a chance to review the photographs. Defense counsel further confirmed an agreement that Sasha Munn's photographs would be returned at the end of the litigation. See Exhibit N.

21.  In a letter dated May 12, 2010, plaintiffs' counsel reversed his previously held position regarding disclosure of Sasha Munn's photographs, and advised that he did not believe that the photographs were discoverable. Plaintiffs' counsel is now demanding that defendant

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                                9

agree not to contact any students shown in Sasha Munn's photographs prior to disclosure of the photographs.

Plaintiffs' counsel advised that he has taken no steps to obtain the information requested by the Centers for Disease Control required to obtain C.M.'s records. Plaintiffs' counsel further refused to have his client contact the Chinese hospitals to request C.M.'s records and has suggested that the burden of obtaining and providing the records be shifted to the defendant. To that end, plaintiff has suggested that defendant contact a non-party, non-employee of the defendant, and request that this individual somehow arrange to obtain C.M.'s medical records from China. See Exhibit "O."

### III. LAW AND ARGUMENT

FRCP 26 (b) (1) provides in relevant part, "Parties may obtain discovery regarding any nonpriviliged matter that is relevant to any party's claim or defense-including…the identity and location of persons who know of any discoverable matter."

> Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense involved in the pending litigation. The information sought need not be admissible at trial as long as the discovery appears reasonably calculated to lead to the discovery of admissible evidence. "Relevance" under Federal Rule of Civil Procedure 26(b)(1) has been construed broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. A party may object to a relevant discovery request, however, if it is "overly broad" or "unduly burdensome." To assert a proper objection on this basis, however, one must do

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                                    10

more than simply intone [the] familiar litany that the interrogatories are burdensome, oppressive or overly broad. Instead, the objecting party bears the burden of demonstrating specifically how, despite the broad and liberal construction afforded the federal discovery rules, each [request] is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden." McKissick v. Three Deer Ass'n L.P., 265 F.R.D. 55, 2010 U.S. Dist. LEXIS 13324, February 17, 2010.

Federal discovery rules "make a trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682, 78 S. Ct. 983, 2 L. Ed. 2d 1077 (1958). An order compelling discovery may be tailored to the circumstances of the case. Marchello v. Chase Manhattan Auto Fin. Corp., 219 F.R.D. 217, 2004 U.S. Dist. LEXIS 601 (January 10, 2004), citing Gile v. United Airlines, Inc., 95 F.3d 492, 496 (7th Cir. 1996).

With regard to the defendant's request for Sasha Munn's photographs from her 2006 and 2007 trips to China, the plaintiffs have not demonstrated specifically how, despite the broad and liberal construction afforded the federal discovery rules, the request is irrelevant. Plaintiffs have voiced a vague concern over some students smoking and playing with a toy gun. The defendant fails to see how students smoking or playing with a toy gun makes the photographs any less relevant to the allegations and the defense. It should also be noted that while the individuals in the photographs were high school age in 2006 and 2007, at this time, the majority, if not all of

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                                   11

the students are now over the age of 18. Additionally, and most importantly, as defense counsel has articulated several times to plaintiffs' counsel, Sasha Munn's participation in trips to China organized by a private school comparable to the defendant in 2006 and 2007 are highly relevant to plaintiffs' allegations and the defendant has a substantial need to fully investigate the programs in which Sasha Munn participated.

The plaintiffs claim that defendant, The Hotchkiss School, was negligent in that it did not develop a proper trip protocol for notifying students' parents of medical problems, failed to undertake appropriate pre-trip planning, failed to have medical personnel travel on the trip with students, failed to require students to take proper precautions against potential mosquito or tick bites, including requiring students to wear protective clothing, failed to warn C.M. about the risk of contracting viral encephalitis on the summer 2007 trip, failed to have established procedures in place for immediate transfer to the United States, and failed to advise against available vaccines against viral encephalitis. It is highly relevant to the defense to be able to compare C.M.'s program with Sasha Munn's program in order to determine whether the schools followed the same standard of care with regard to all of the areas in which the plaintiffs' claim negligence against the defendant.

Moreover, plaintiffs have alleged that the defendant was negligent in allowing C.M. to wear short sleeve tops and shorts without utilizing insect repellant while in China. Plaintiffs

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

further allege that C.M. was taken to "rural areas" of China. The "rural areas" alleged in the complaint include a portion of the Great Wall of China and an adjacent national park. Plaintiffs have confirmed that Sasha Munn was in China at the same time as C.M. on a school sponsored program, and that Sasha Munn also visited a portion of the Great Wall of China. It is highly relevant for the defense to compare the dress of students on Sasha Munn's 2007 China trip to the dress of students on C.M.'s 2007 China trip.

Plaintiffs have demanded that defendant agree not to contact any students shown in Sasha Munn's photographs in exchange for disclosure of the photographs. This demand indicates that the photographs are indeed relevant and discoverable if plaintiff is willing to disclose albeit subject to pre-conditions. The demand not to contact former students, however, directly infringes on the defendant's ability to investigate plaintiffs' claims and to appropriately defend against the allegations in the complaint. Plaintiffs' have indicated that Sasha Munn is no longer in possession of any of the materials or documents provided by the school that organized her 2006 and 2007 trips to China. The defendant is entitled to investigate whether any of the other students are in possession of these materials, and to subpoena the trip participants if necessary to give a deposition regarding their recollections of the program, and whether it was comparable to the defendant's program. Furthermore, plaintiffs' counsel originally agreed to produce Sasha

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                              13

Munn's 2006 and 2007 photographs without pre-conditions, and has only recently changed his position with regard to the photographs.

With regard to the request for all outstanding medical records, laboratory analysis, and reports pertaining to C.M., plaintiffs' have improperly attempted to shift the burden of obtaining these records onto the defendant. Plaintiffs have put C.M.'s health at issue. Plaintiffs' are obligated to produce all of C.M.'s medical records including records from the Centers for Disease Control, the California Department of Public Health, the New York Department of Public Health, Wadsworth Center, The Public Health Agency of Canada, and University of Texas at Galveston. According to the records of various providers received to date, due to difficulty in determining the origin and cause of C.M's illness, which presented on the 2007 China trip, samples from C.M. were sent for laboratory analysis to the above programs. The complaint alleges that C.M. suffered from viral encephalitis, and that C.M. contracted this illness from a mosquito or tick while on the defendant's program in China. However, none of the medical records received to date have confirmed this theory. The origin of C.M.'s illness was determined by laboratory analysis by Centers for Disease Control, the California Department of Public Health, the New York Department of Public Health, Wadsworth Center, The Public Health Agency of Canada, and University of Texas at Galveston. However, none of these records have been provided by plaintiffs.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

Additionally, plaintiffs allege that C.M. was taken by the defendant to a "local medical facility in the China countryside" which misdiagnosed her condition. Plaintiffs' counsel has confirmed that this is a reference to Tianjin First Central Hospital. Plaintiffs have not produced any records from this provider. As plaintiffs have put the treatment at this facility, and C.M.'s health in general at issue, plaintiffs are obligated to produce C.M.'s medical records.

Plaintiffs' counsel has made several references to outstanding discovery owed to defendant. Despite assuring defense counsel that this discovery would be produced in the week after March 25, 2010, no additional discovery has been produced. See Exhibits "F" and "O." Additionally, defendant has complied with all of plaintiffs' informal discovery requests and has supplemented discovery as information has become known. Plaintiffs, however, have not complied with defendant's informal discovery requests.

Wherefore, the defendant, The Hotchkiss School, respectfully requests that this court enter an order compelling plaintiffs to produce the following:

1. Sasha Munn's photographs from her 2006 and 2007 trips to China;

2. All outstanding medical records, laboratory analysis, and reports pertaining to C.M.;

3. All outstanding documents and materials as referenced by plaintiff's counsel in various correspondence;

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1

15

4. All outstanding responses to written informal discovery requests.

                        THE DEFENDANT:
                        THE HOTCHKISS SCHOOL

By: _____
      BRITTANY S. CATES (CT27106)
      HEIDELL, PITTONI, MURPHY & BACH, LLP
      30 Oak Street
      Stamford, CT 06905
      Telephone: 203.327.1800
      Facsimile: 203.353.1892
      Juris No.: 103041

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1        16

## ORDER

The foregoing Motion having been heard by the Court is hereby ordered:

GRANTED / DENIED

_____
JUDGE

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1

## CERTIFICATE OF SERVICE

The undersigned counsel for defendant hereby certifies that on May 18, 2010 a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties of record listed below by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

David S. Golub, Esq.
Craig Yankwitt, Esq.
Jonathan M. Levine, Esq.
Silver, Golub & Teitell
184 Atlantic St., P.O. Box 389
Stamford, CT. 06904

Michael D. Neubert, Esq.
Vimala B. Ruszkowski, Esq.
Neubert, Pepe & Monteith P.C.
195 Church Street, 13th Floor
New Haven, CT 06510

Brittany S. Cates, Esq.

LAW OFFICES
HEIDELL, PITTONI,
MURPHY & BACH, LLP
30 OAK STREET
STAMFORD, CT 06905
(203) 327-1800
JURIS NO. 103041

701143.1                            18