UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ORSON D. MUNN III and CHRISTINE MUNN, as Parents and Next Friends of C.M. and Individually | : : : : | CIVIL ACTION NO. 3:09cv0919 (SRU) |
| vs. | : : | |
| THE HOTCHKISS SCHOOL | : : | MARCH 11, 2013 |

PLAINTIFFS' MOTION REQUESTING THAT THE COURT
INSTRUCT THE JURY ABOUT HARM OF THE GENERAL
<u>NATURE PRIOR TO THE START OF EVIDENCE ON MARCH 18</u>

<u>MEMORANDUM OF LAW IN SUPPORT THEREOF</u>

The plaintiffs' *Motion in Limine* No. V sought to preclude evidence, testimony, and argument concerning the alleged rarity of Tick-Borne Encephalitis (TBE) among U.S. travelers returning from China.  Before the Court even ruled on the Motion, however, and during her opening statement and her examination of the very first witness, the defendant's counsel argued that Hotchkiss should not be held liable for Cara's injuries because Tick-Borne Encephalitis is such an extremely rare disease that no school could possibly have foreseen the risk.  We can expect that defense counsel will repeat this argument *ad infinitum* throughout the course of this trial.

The problem with allowing the defendant to constantly focus the jury's attention on the actual or alleged rarity of TBE is that: (1) this allegation (even if true) is irrelevant to the question of the defendant's duty, proximate causation, foreseeability, or any other element of the claims or defenses in the case; but (2) the

relentless repetition of the mantra "Cara is the first U.S. traveler ever to have contracted TBE in China" would confuse the jury about the actual elements of a negligence claim, and would unduly and irreparably prejudice the plaintiffs.

As set forth in the Plaintiffs' *Motion in Limine* No. V, even if it could be proven, and even if it were true, that no U.S. traveler has ever contracted TBE in China, that fact is irrelevant to the question of foreseeability. Whether the school owed and breached a duty of care to protect Cara from *all* insect-transmitted diseases has absolutely nothing to do with the actual or alleged rarity of *one* of those diseases. "Proximate cause is defined as 'an actual cause that is a substantial factor in the resulting harm . . . .' 'The substantial factor test, in truth, reflects the inquiry fundamental to all proximate cause questions; that is, whether the harm which occurred was *of the same general nature* as the foreseeable risk created by the defendant's negligence.'" *Purzycki v. Town of Fairfield*, 244 Conn. 101, 113 (1998) (citations and double quotation marks omitted, emphasis added). As the defendant has conceded,[1] the test for duty is "whether an ordinary person in the defendant's position, knowing what the defendant knew or should have known, would anticipate" harm of the general nature as that suffered by the plaintiff. Here, harm of the general nature as that suffered by Cara is infection by *any* kind of insect-borne disease, not just Tick-Borne Encephalitis. Accordingly, the alleged rarity in 2007 of TBE among a random subset of humans in China (U.S. travelers) is completely irrelevant to the negligence inquiry.

---

[1] *See* Defendant's Memorandum of Law in Support of Motion for Summary Judgment at 14 (*quoting Lodge v. Arett Sales Corp.*, 246 Conn. 563, 571 (1998)).

Accordingly, since (even before the Court could rule on plaintiffs' *Motion in Limine*) defense counsel let the "TBE is extremely rare" cat out of the bag, and will no doubt now cause that cat to saunter through every examination of every liability witness in the case, the plaintiffs ask the Court to instruct the jury now on the applicable law so that no additional confusion is created and no additional prejudice is inflicted on the plaintiffs.

For these reasons, the plaintiffs move the Court to give the following instruction before the commencement of evidence on Monday, March 18:

> So far in this trial, there has been some testimony and evidence concerning the actual or alleged rarity of Tick-Borne Encephalitis in Tianjin Province and among U.S. travelers returning from China.  Given the possibility that there will be additional testimony and evidence concerning that allegation over the course of the trial, I want to give you an instruction on the law that applies to this case and that you must follow in your deliberations when the time comes for you to render a verdict.
>
> The Plaintiffs allege that Hotchkiss was negligent in its planning and conduct of the 2007 China trip, and that the school's negligence was a cause of Cara's injuries.  In order to succeed on a claim of negligence, the plaintiffs must prove the elements of the claim by a preponderance of the evidence.  Among those elements, the plaintiffs must prove that an ordinary school in the defendant's position, knowing what the defendant knew or should have known, would have anticipated harm of the general nature as that suffered by the plaintiff.  Here, harm of the general nature as that suffered by Cara is infection by any kind of insect-transmitted disease, not just Tick-Borne Encephalitis.
>
> In other words, even if you find that Tick-Borne Encephalitis is an extremely rare disease and that Hotchkiss could not have foreseen that Cara or any of the students were at risk of contracting Tick-Borne Encephalitis, you may still find the defendant liable if, in addition to meeting the other elements of the negligence claim, the plaintiffs prove by a preponderance of the evidence that an ordinary school, knowing what Hotchkiss knew or should have known, would have anticipated a risk of one or more other insect-transmitted diseases.

The authority for this instruction is set forth in the Plaintiffs' Proposed Preliminary Jury Instructions, attached as Exhibit A(4) to the Joint Pre-Trial Memorandum.

    Without such an instruction now, it is likely, if not certain, that the jury will be misled by the power and repetition of the "TBE is extremely rare" argument; and that, even though the Court will give correct instructions at the end of the case, the damage will have been done and the plaintiffs will have been prejudiced beyond repair.

Respectfully submitted,

By   **/s/**_____
Antonio Ponvert III
Federal Bar No. ct17516
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Tel:  203-336-4421
Fax: 203-368-3244
Email: aponvert@koskoff.com

## **CERTIFICATION**

This is to certify that on March 11, 2013, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the District of Connecticut's Local Rules, and/or the District of Connecticut's rules on Electronic Service upon the following parties and participants:

Attorney Penny Q. Seaman
Wiggin and Dana, LLP
265 Church Street
New Haven, CT 06510

/s/Antonio Ponvert III
Antonio Ponvert III