**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| Cara Munn | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 3:09cv919 (SRU) |
| Hotchkiss School. | : | |
| | : | |
| | : | |
| | : | |

**JURY INSTRUCTIONS**

Members of the jury, you now have heard all of the evidence. At this point, I am going to instruct you about the law that applies to this case. At the outset, I want to express my thanks to you for the time and energy you have devoted to this trial. Jury service is rarely convenient, but without you justice could not be done in this case.

It will take some time for me to read these instructions to you but it is important that you pay close attention. You have been provided with a copy of my instructions so that you can read along as we go. Please feel free to write on those copies – you will be permitted to take them into the jury room with you.

My instructions will be in three parts: First, I will discuss general rules concerning the role of the court and the duty of the jury; second, I will go over the issues in this case and set out the specific questions of fact that you must answer based on the evidence at trial; and third, I will give you some rules and guidelines for your deliberations.

Before we begin, I ask you to look over the other document that was placed on your seats – namely, the verdict form. After I have given these instructions and you hear the closing arguments of counsel, you will go back into the jury room to deliberate. You will have with you the following: the original of the verdict form, the original exhibits, your copies of these

instructions, and any personal notes that you may have taken.  At the conclusion of your deliberations, you will use the verdict form to report your verdict to the court and the parties.

## SECTION I: GENERAL INSTRUCTIONS

### ROLE OF THE COURT

As Judge, I perform basically two functions during the trial.  First, I decide what evidence you may consider.  You have heard me doing that throughout the trial.  Second, I instruct you on the law that you are to apply to the facts in this case.  I gave you some preliminary instructions before trial began, and some during the course of the trial, but it is now—at the close of evidence—that most of the instructions are given, so please be patient and listen closely.

If either of the lawyers state the law differently from the way I am explaining it to you, you are to follow my instructions.

### INSTRUCTIONS TO BE CONSIDERED AS A WHOLE

This is a long instruction, and I may repeat certain parts.  That does not mean that those parts should be emphasized.  You should not single out any one part of my instructions and ignore the rest.  Instead, you should consider all of the instructions as a whole and consider each instruction in light of all the others.  The order in which I give you instructions does not indicate their relative importance.  Do not read into these instructions, or into anything I have said or done, any suggestion about what verdict you should return – that is a matter for you alone to decide.

I should also point out that, although you have been given a copy of the instructions to follow as I deliver them, if I say aloud anything at all different from what is written, you must follow what I say here in court.

BOTH SIDES ENTITLED TO FULL AND FAIR HEARING

Regardless of your ultimate decision about the parties' claims and defenses, the parties in this case are entitled to a full and fair hearing. You must remember that one of the most important functions of our system is to give all the parties to a dispute a full and fair hearing.

It is your duty, therefore, to give careful thought to every issue set forth by these instructions, regardless of any general feeling that you may have about which party is right.

OBJECTIONS AND RULINGS

It is the duty of an attorney to object to testimony or other evidence that the attorney believes is not properly admissible. You should not prefer or dislike an attorney or the attorney's client because the attorney made objections, or because the attorney failed to make objections.

If I have allowed testimony or evidence that an attorney objected to, you should not give that evidence greater or lesser weight. My rulings on objections have nothing to do with the credibility of the witnesses.

If I have sustained an objection to a question asked of a witness, you must disregard the question entirely, and may draw no inference from the question, nor speculate about what the witness would have said if he or she had been permitted to answer the question. If I have stricken testimony, you must disregard the portion that was stricken, because it is not evidence.

DUTIES OF THE JURY

It is your duty to find the facts from all the evidence in the case. In reaching a verdict you must carefully and impartially consider all of the evidence in the case and then apply the law as I have explained it to you. Regardless of any opinion you may have about what the law is or ought to be, it would be a violation of your sworn duty to base a verdict upon any understanding

or interpretation of the law other than the one I give you.  And you must do your duty as jurors regardless of any personal likes, dislikes, opinions, prejudices, or sympathies.  In other words, you must decide the case solely on the evidence before you, and you must do so fairly and impartially.

The verdict you reach must be unanimous; that is, agreed upon by each of you.

You must each decide the case for yourself, but do so only after impartial consideration of the evidence in the case with your fellow jurors.

## "PROVE," "FIND," AND "ESTABLISH"

Throughout the remainder of my instructions to you, I will use the word "prove" when talking about what the plaintiff must do in order to win this case.  My use of the word "prove" means "prove by the appropriate burden of proof," even if I do not always repeat those words. Similarly, when I speak of your "finding" various facts or the parties "establishing" various facts, you must determine whether those facts have been proven by the appropriate burden of proof, even if I simply use the word "find" or "establish."

## BURDEN OF PROOF

In a civil case such as this, the plaintiffs have the burden of proving each element of their claims by a preponderance of the evidence. In determining whether a party has satisfied that burden, bear in mind that you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have introduced them.

To establish a fact by a preponderance of the evidence, a party must prove that the fact is more likely true than not true.  In other words, if you find that the credible evidence on a given issue is evenly divided between the plaintiff and the defendant, then you should decide that issue

4

for the defendant.  Similarly, however, if the plaintiff proves that a fact is more likely true than not, even slightly more true than not, then you should find that the plaintiff has proven the fact by a preponderance of the evidence.  If the plaintiff fails to prove an issue by a preponderance of the evidence, then you must find that issue in favor of the defendant.

There is an exception to this general rule—the defendant has brought what is called an affirmative defense. An affirmative is a series of facts that, if proven, would shield the defendant from liability or from some portion of liability. The defendant has the burden of proof with regard to affirmative defenses, that is, the defendant must prove an affirmative defense by a preponderance of the evidence.

In determining whether a claim has been proven by a preponderance of the evidence, you may consider the testimony of all witnesses, regardless of who may have called them, and all the exhibits received in evidence, regardless of who may have presented them.  A preponderance of the evidence means the greater weight of the evidence; it refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents presented.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial.  That requirement does not apply to a civil case such as this and you should not consider or discuss that standard in your deliberations.

## SECTION II: ISSUES IN THIS CASE

I am now going to discuss the issues in this case.  Before I begin, it is important to distinguish between liability and damages.  When I use the word "liability," I mean the legal obligation that the one party has allegedly violated with respect to the other party.  This is different than "damages," which are monies awarded to compensate a party for any harms caused by the conduct of the other party.  You may not consider the question of damages unless you first determine that one party is liable to another.

This is a negligence action, in which the claim is that the defendant failed to exercise reasonable care.  The plaintiffs in this case are Cara Munn and her parents Christine and Orson Munn, but the parties have agreed that the jury should decide this case as if it has been brought only by Cara Munn; her parents' claim is entirely dependent on whether Cara prevails.  Accordingly, I will give you instructions as if Cara was the only plaintiff.  The defendant is an independent boarding school in Lakeville, Connecticut called the Hotchkiss School.  Cara alleges that Hotchkiss is responsible for her contracting a disease called Tick-Borne Encephalitis while she was in China on a Hotchkiss-sponsored trip.  Specifically, the plaintiff's claim is that Cara, then 15 years old, was bitten by an infected tick while hiking with the Hotchkiss group on a mountain called Mt. Panshan ("Mt. Pan") in Tianjin, China.  Cara contends that Hotchkiss is responsible for her contracting Tick-Borne Encephalitis because the school failed to warn her of the risk of insect-transmitted diseases in Tianjin and failed to ensure she prepared to protect herself against bites before the trip, and failed to ensure she took those precautions during the trip.  The plaintiff alleges that, as a result of a school's negligence, Cara suffered severe and permanent physical and neurological injuries.  Cara is suing for damages compensating her for her past and future medical expenses, loss of future earning capacity, inability to undertake

normal activities of daily life, and past and future physical, mental, and emotional pain and suffering.

Hotchkiss denies that it was negligent in connection with the China study abroad program.  Even if the plaintiff could establish that Cara's illness was caused by a tick bite on Mt. Pan, the school contends that it could not have foreseen a risk that a student would be exposed to a risk of insect-borne disease on the trip, and therefore should not be expected to warn Cara about, or require her to use protection against, insect-borne diseases. Hotchkiss also argues that Cara had all the information she needed to prepare for her trip to China, and that it discharged its duty to Cara in part by providing information to her and her parents. Finally, Hotchkiss also claims that Cara is partly responsible for her illness because she failed to exercise reasonable care in protecting herself against tick bites.

In this case, you, the jury, must determine whether the Hotchkiss School exercised reasonable care in protecting Cara from insect-borne diseases when it planned and supervised Cara's trip to China.  If you decide that the school acted reasonably, then you need not consider the questions of damages. In contrast, if you decide that the school acted negligently, and that the school's negligence harmed Cara, then you should award damages that will fairly compensate Cara for her losses.

GENERAL INSTRUCTIONS

AGENCY RELATIONSHIP BETWEEN SCHOOL AND ITS EMPLOYEES

The named defendant in this case is The Hotchkiss School.  It is undisputed that

Hotchkiss employed David Thompson, Jean Yu, Ken Gu, Stuart Sweeney, Dr. Jared Zelman and

the school Infirmary staff.  In 2007, these individuals were acting as agents of The Hotchkiss

School—in other words, a school's employees are just an extension of the school.  Thus,

Hotchkiss is legally responsible or liable for any acts of negligence that you find to have been

proven against one or more of these individuals.  In other words, if you find that one or more of

these individuals were negligent in connection with the China trip, then you must find that the

Hotchkiss School was negligent as a result.

CORPORATE DEFENDANT

You should consider and decide this case as a dispute between persons of equal standing

in the community.  A school like Hotchkiss is entitled to the same fair consideration as a private

individual.  All parties are equal before the law and must be treated as equals in a court of

justice.  You must decide this case with the same fairness that you would use if you were

deciding a dispute between individuals.

SYMPATHY OR PREJUDICE

Under your oath as jurors you are not to be swayed by sympathy or prejudice.  You

should be guided solely by the evidence presented during the trial, without regard to the

consequences of your decision.

You have been chosen to try the issues of fact and reach a verdict on the basis of the

evidence or lack of evidence.  If you let sympathy or prejudice interfere with your clear thinking

there is a risk that you will not arrive at a just verdict.  All parties to a civil lawsuit are entitled to

a fair trial.  You must make a fair and impartial decision so that you will arrive at the just verdict.

ELEMENTS OF A NEGLIGENCE ACTION

A party must establish three things in order to hold another party liable for their injuries:

(1) duty and breach;

(2) causation;

(3) harm.

I will now explain each of these requirements.


FIRST ELEMENT: DUTY TO ACT WITH REASONABLE CARE

Under the law, each of has a responsibility to act with a level of prudence in everything we do. This referred to by courts and lawyers as "the negligence standard." A party "breaches" that duty to exercise reasonable care when it fails to take whatever actions that standard requires.

1.   Negligence defined

Negligence is the failure to exercise reasonable care to avoid injury or damage to another person.  In other words, a person must exercise "ordinary care" to prevent harm.  A person is negligent if the person, without intending to do harm, does something (or fails to do something) a reasonable person knew or should have known creates an unreasonable risk of injury to another. Again, this can either be by an act or an omission—it applies both when a person or entity does something affirmative, and when a person or entity fails to do something.


2.   Ordinary care – relative term

Ordinary care is not an absolute term, but a relative one. In deciding whether ordinary care was exercised in a given case, the conduct in question must be viewed in light of all the surrounding circumstances as shown by the evidence in the case. You must define the term by

placing a person of ordinary prudence in the situation of the defendant, in this case a private

boarding school and its employees, and ask what a school and its employees should have done in

advance of the China trip, and during the China trip.

Note that because Cara was a minor, the school had to take her relative immaturity into

account when it decided what to do to protect her before and during her trip to China. Children

cannot be expected to act with the same level of caution as an adult; the law only requires

children to act with the amount of care that is characteristic of children of similar age, judgment,

and experience.  A person must exercise enough care to protect a child based upon a child's age,

judgment, and experience, including the probability that a child may disregard a dangerous

condition or not recognize a risk.

Hotchkiss may argue that it discharged its duty to Cara in part by informing her parents

about the trip; that is a factual issue for you to decide. But the law prohibits you from assigning

fault or blame to Cara's parents in this case. The acts or omissions, or alleged acts or omissions,

of Cara's parents are not relevant to the issues you are to decide, and you may not consider them

in assigning blame or fault for Cara's injuries or in your consideration of any award of damages.

### 3. Forseeability

A defendant is not negligent unless he knew or reasonably should have known of a risk.

This is referred to as the "forseeability" requirement –  the school can only be held responsible

for failing to protect Cara against a risk that a reasonable school should have foreseen. In this

case, you must determine whether the school should have foreseen the risk of insect-borne

disease. This not a question of strict probability – if the risk is an appreciable one, and the

possible consequences are serious, the question is not one of mathematical probability alone. As

the gravity of a possible harm increases, the apparent likelihood of its occurrence need be correspondingly less to generate a duty of precaution.

Note, it does not matter whether the school could have foreseen the extent or the manner of Cara's injuries. The law only requires that a defendant could have foreseen harm of the same "general nature" as Cara's injury.  In this case, the plaintiffs argue that any infection by insect-borne disease is harm of the same general nature as Cara's illness, while defendant counter that the school could not have foreseen that Cara would contract tick-borne encephalitis or any other insect-borne disease.

4. <u>Objective Standard</u>

The law requires that you assess a person's actions from an "objective" standpoint.  You must determine what a reasonable boarding school would have done to protect an average child of Cara's age, judgment, and experience. It does not matter what you personally think the school should have done. Nor does it matter that the school believes it did everything it was required to do.  In other words, the school can sincerely believe it did enough to protect Cara, but still be negligent if a reasonable school would have done more.


<u>B. SECOND ELEMENT: CAUSATION</u>

If you find that Hotchkiss was negligent, you still must determine whether its negligence caused Cara's injuries. In other words, if you find that Hotchkiss' conduct, though careless, did not cause Cara's illness, then you must find in favor of the defendant. Legal cause has two components – "cause in fact" and "proximate cause." You must find that both types of cause have been proven in order to find that Hotchkiss' negligence caused Cara's injuries.

1. <u>Cause in Fact</u>

A cause in fact is an actual cause.  The test for cause in fact is, simply, "Would the injury have occurred were it not for the defendant's negligence?"  If your answer to this question is "yes," then the defendant's negligence was not a cause in fact of the plaintiff's injuries.

2. <u>Proximate Cause</u>

An injury or damage is proximately caused by an act or a failure to act whenever the act or failure to act played a substantial part in bringing about the injury or damage.  The plaintiff does not have to prove that defendant's negligence was the only factor, or the only substantial factor, resulting in an injury; she need only prove that it was one substantial factor in bringing about the harm.

The word "proximate" in the phrase "proximate cause" is not the same as "approximate." Proximate cause is a legal term that describes a factor that plays a substantial role in bringing about injury; that is, a cause that is not too remote or insubstantial for the law to impose liability on the defendant on the plaintiffs' alleged damages.

C. THIRD ELEMENT: <u>DAMAGE TO NON-BREACHING PARTY</u>

In order to recover, a plaintiff must prove that she suffered some injury as a result of the other party's negligence.  No one disputes that Cara was became ill – obviously, Hotchkiss does dispute that Cara's injuries resulted from, i.e., were caused by, the school's negligence.

AFFIRMATIVE DEFENSES: COMPARATIVE NEGLIGENCE

In this case, the defendant has filed an affirmative defense alleging that Cara's injuries were legally caused, at least in part, by her own negligence.  The defendant must prove the elements of this affirmative defense by a preponderance of the evidence.  Specifically, the defendant must prove that Cara was negligent in one or more of the ways specified in the affirmative defense and that such negligence was a legal cause of any of the Cara's injuries. Hotchkiss claims that Cara was negligent in straying from the paved path on Mt. Panshan, and in failing to protect herself against insect bites.

A. CARA'S DUTY OF CARE

I have previously instructed you that the defendant is under the obligation to exercise the care that a reasonably prudent person would use under the circumstances.  The plaintiff is also under the same obligation.  A plaintiff is negligent if the plaintiff does something that a reasonably prudent person would not have done under similar circumstances or fails to do what a reasonably prudent person would have done under similar circumstances.

As I mentioned before, because Cara was a child at the time of her infection, she is not held to the same standard of care as an adult. The reasonable care required of a child is the care that may be reasonably expected of children of similar age, knowledge, judgment, and experience under similar circumstances.

B. NO COMPARATIVE NEGLIGENCE CLAIM FOR ORSON AND CHRISTINE MUNN

There has been some testimony and evidence about what Cara's parents, Christine and Orson Munn, may have done or failed to do prior to the China trip.  You are instructed that the law prohibits you from assigning any fault or blame to Cara's parents in this case.  The acts or

omissions, or alleged acts or omissions, of Cara's parents are not relevant to the issues you are to decide, and you may not consider them in assigning blame or fault for Cara's injuries or in your consideration of any award of damages.

C. <u>RULES OF COMPARATIVE NEGLIGENCE</u>

As I have explained, the plaintiff has claimed that Cara's illness was caused by the defendant's negligence, and the defendant has claimed that it was caused by the Cara's own negligence.  If you find that negligence on the part of both parties was a substantial factor in precipitating Cara's injuries, then the law is that the plaintiff can recover damages from the defendant only to the extent of the defendant's fault and may not recover damages to the extent that she was at fault.

If the plaintiff was more at fault than the defendant, then the plaintiff cannot recover any damages.

Here is an example to make this rule clear:  If the plaintiff was 20% at fault and the defendant was 80% at fault, the plaintiff recovers 80% of her total damages.  If the plaintiff was 50% at fault and the defendant was 50% at fault, the plaintiff recovers 50% of her damages.  However, if the plaintiff was more than 50% at fault, she was more at fault than the party she has sued, and she recovers no damages.

DAMAGES

If you find that the plaintiff has proven each of the elements of negligence by a preponderance of the evidence, then you should proceed to consider the question of damages. If the plaintiff has not proven one or more of the elements of negligence, then you should find in favor of the defendant and you should not consider the issue of damages. The fact that I am instructing you on the issue of damages is not meant to suggest that the plaintiff is entitled to damages.

In a negligence action, the plaintiff is entitled to what is called "compensatory damages." Insofar as money can do it, the plaintiff is to receive fair, just and reasonable compensation for all injuries and losses, past and future, that are proximately caused by the defendant's proven negligence. Under this rule, the purpose of an award of damages is not to punish or penalize the defendant for its negligence, but to compensate the plaintiff for her resulting injuries and losses. You must attempt to put the plaintiff in the same position, as far as money can do it, that she would have been in had the defendant not been negligent.

In a personal injury action, there are two general types of damages: economic and noneconomic damages. Economic damages are monies awarded as compensation for monetary losses and expenses which the plaintiff has incurred, or is reasonably likely to incur in the future, as a result of the defendant's negligence. They are awarded for such things as the cost of reasonable and necessary medical care and lost earnings. Noneconomic damages are monies awarded as compensation for non-monetary losses and injuries the plaintiff has suffered, or is reasonably likely to suffer in the future, as a result of the defendant's negligence. They are awarded for such things as physical pain and suffering, mental and emotional pain and suffering, and loss or diminution of the ability to enjoy life's activities and pleasures.

A. <u>BURDEN OF PROOF</u>

Just as the plaintiff has the burden of proving liability by a preponderance of the evidence, the plaintiff also has the burden of proving her entitlement to recover damages by a preponderance of the evidence.  To that end, the plaintiff must prove both the nature and extent of each particular loss or injury for which she seeks to recover damages and that the particular loss or injury in question was caused by Hotchkiss's conduct, both as a cause in fact and a proximate cause.

Once the plaintiff has proved the nature and extent of her compensable injuries and losses, it becomes your job to determine what is fair, just and reasonable compensation for those injuries and losses.  Generally speaking, in order to award compensatory damages for a given injury or harm, you must find that the plaintiff has proven by a preponderance of the evidence that the claimed injury or harm was caused by the defendant.  The plaintiff may recover compensation for only those elements of damage she proves were caused by the negligent acts or omissions of the defendant.  Damages must not be based on speculation or sympathy.  Damages must be based on the evidence at trial.  On the other hand, the law does not require the plaintiff to prove the amount of the losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.  Where there is no mathematical formula to make a determination, you must use human experience and apply sound common sense in determining the amount of compensatory damages.

B. <u>COMPENSATORY DAMAGES— ECONOMIC</u>

One category of damages claimed in this case is economic damages.  The plaintiff claims

to have sustained as damages monetary losses and expenses that have already been incurred, or are reasonably likely to be incurred in the future, as a result of Hotchkiss' alleged conduct, including future medical expenses and the value of Cara's lost earning capacity as a result of her injuries.

To recover damages for past medical expenses, the plaintiff must prove by a preponderance of the evidence the cost of reasonably necessary medical care that Cara Munn has received as a proximate result of Hotchkiss' alleged conduct.  To recover damages for future medical expenses, the plaintiff must prove by a preponderance of the evidence the likely cost of reasonably necessary medical care that Cara is likely to need in the future as a proximate result of Hotchkiss' alleged conduct.

In determining Cara Munn's lost earning capacity, you must base an award, if any, on the evidence presented at trial.  Damages are necessarily limited to the period of time you find would be Cara Munn's length of life and the number of years she likely would have worked had she not been injured.  They should be based on the difference between what Cara would have earned, but for her injuries, and the amount she is likely to earn following her injuries. It is required that you subtract from any award of damages for loss of earning capacity the taxes that would have been paid on those earnings to arrive at a figure for net earnings, and then to reduce to a present value the net earnings that would have been received in the future because the damages are being received today and not when the future wages or salary would have been paid.

## C. COMPENSATORY DAMAGES— NON-ECONOMIC

The plaintiff also claims another category of damages called "non-economic damages." "Non-economic damages" provide compensation for certain non-monetary losses, including past

and future pain and suffering, loss of enjoyment of life's activities, and permanent injuries.  You may not award damages for any pain and suffering on the part of Cara's parents.  Non-economic damages must be proven by a preponderance of the evidence and can be awarded only to the extent they are proven to have been caused by Hotchkiss's alleged conduct, both as a cause-in-fact and a proximate cause.  For any claims of permanent injuries, non-economic damages must take into account plaintiff Cara Munn's life expectancy as may have been proven by plaintiff at trial.

    1. <u>Past and Future Pain and Suffering</u>

Past and future pain and suffering includes any physical, mental, and emotional pain and suffering that you find Cara has experienced up until today and that she may experience for the remainder of her life, as a result of the injuries that she has suffered. In assessing such damages, you may consider such factors as your own experience with pain and suffering, Cara's physical limitations, and any psychological problems that accompany these conditions.

    2. <u>Loss of Enjoyment of Life's Activities</u>

Loss of enjoyment of life's activities means any past and future interference with her capacity to carry on and enjoy life's activities in a way that she would have had she not been injured. Such damages are separate from and in addition to any award you make for pain and suffering. You may consider the evidence presented concerning the effect of Cara's injuries on her life, her activities, her relationships, and all of those aspects of daily life that make up a person's life.  You may not only consider Cara's activities from the date of her injury until today, but also determine the activities she would otherwise have been able to enjoy in the future.  If you award such damages, you should determine an amount that will fairly compensate her for

any destruction of her capacity to enjoy life's activities for the remainder of her normal life expectancy.

C. Permanent Injuries

You may compensate Cara for any permanent injuries and disabilities that you find, by a preponderance of the evidence, were caused by defendant's negligence.  If you award such damages, you should determine an amount that will fairly compensate her for the nature and extent of any physical impairment or loss of function or disfigurement over the length of time she is reasonably expected to endure its negative consequences.

Note, each of these three categories of non-economic damages is a separate form of recovery and you should avoid double counting any damage.

**SECTION III: INSTRUCTIONS FOR DELIBERATIONS**

THREE FORMS OF EVIDENCE

Next I want to discuss with you generally what we mean by evidence and how you should consider it.  The evidence from which you are to decide what the facts are comes in one of three forms:

First, there is the sworn testimony of witnesses, both on direct examination and cross-examination, and regardless of who called the witness.

Second, there are the exhibits that have been received into the trial record.

Third, there are any facts to which all the lawyers have agreed or stipulated.

WHAT IS AND IS NOT EVIDENCE

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence and the stipulations.

Questions are not evidence, answers are.  At times, a lawyer may have incorporated into a question a statement that assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

Testimony that has been stricken or excluded by the court also is not evidence and may not be considered by you in rendering your verdict.  Further, if certain testimony was received for a limited purpose, you must follow the limiting instructions I have given for that testimony.

What the lawyers say in their opening statements, closing arguments, comments, objections and questions is not evidence.  What they say in their closing arguments is intended to

help you understand the evidence and to reach your verdict.  If your recollection of the facts

differs from the lawyers' statements, however, you should rely on your memory.  Moreover,

what I may have said during the trial or what I may say in these instructions is not evidence and

my rulings on the admissibility of evidence do not indicate any opinion about the weight or

effect of such evidence.

Exhibits that have been marked for identification may not be considered by you as

evidence unless and until they have been received into evidence by the court.  Exhibits were

received into evidence either because the parties stipulated to their admission, or when I said that

an exhibit was admitted as a "full" exhibit.

It is for you alone to decide the weight, if any, to be given to the testimony you have

heard and to the exhibits you have seen.

DIRECT & CIRCUMSTANTIAL EVIDENCE

There are two types of evidence that you may properly use in reaching your verdict.

One type of evidence is direct evidence.  Direct evidence includes a witness's testimony

about something the witness knows by virtue of his or her own sense—something he or she has

seen, felt, touched, heard, or done.

Circumstantial evidence is evidence that tends to prove a disputed fact by proof of other

facts.  For example, assume that when you came into the courthouse this morning the sun was

shining and it was a nice day.  Assume that, because there are no windows in this courtroom, you

could not look outside.  As you were sitting here, someone walked in with an umbrella that was

dripping wet.  Then a few minutes later another person also entered with a wet umbrella.  Now,

you cannot look outside of the courtroom and you cannot see whether or not it is raining.  So you

have no direct evidence of that fact.  But on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence.  On the basis of your reason, experience, and common sense, you infer from one established fact the existence or non-existence of some other fact.  Circumstantial evidence is of no less value than direct evidence.  It is a general rule that the law makes no distinction between direct and circumstantial evidence, but simply requires that your verdict must be based on a preponderance of all of the evidence presented.  Circumstantial evidence, however, does not include guesswork or conjecture.  Circumstantial evidence consists only of the reasonable and logical inferences that you draw from other evidence in the record.

<u>INFERENCE DEFINED</u>

During the trial you may have heard the attorneys use the term "inference" and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess.  It is a reasoned, logical conclusion that a disputed fact exists because another fact has been shown to exist.

There are times when different inferences may be drawn from the same facts, whether proved by direct or circumstantial evidence.  The plaintiff may ask you to draw one set of inferences, while the defendant may ask you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a conclusion that you are permitted, but not required, to draw from the facts that you find have been established by either direct or circumstantial evidence.  In

drawing inferences, you should exercise your common sense.  Finally, you may not draw any inferences from the mere fact that this lawsuit was filed.

## WITNESS CREDIBILITY - GENERAL

You have had the opportunity to observe all of the witnesses.  It is now your job to decide how believable each witness was in his or her testimony.  You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine truthfulness?  You base it on what you have seen and heard.  You watched the witness testify.  Everything a witness said or did on the witness stand counts in your determination.  How did the witness impress you?  Was he or she frank, forthright and candid, or evasive and edgy as if hiding something?  How did the witness appear; what was his or her demeanor—that is, their behavior, manner and appearance—while testifying?  Often it is not what a person says but how he or she says it that convinces us.

You should use all the tests for truthfulness that you would use in determining matters of credibility in your everyday lives.  You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case.  You should consider the opportunity the witness had to see, hear, and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency, and its corroboration or lack of corroboration with other credible testimony.

Always remember that in assessing a witness's testimony you should use your common sense, your good judgment, and your own life experiences.

## DEPOSITION TESTIMONY

During the trial of this case, certain testimony has been presented to you by way of depositions, which consist of sworn recorded answers to questions asked of the witness in advance of the trial.  Such deposition testimony is entitled to the same consideration, and should be weighed and otherwise considered by you in the same way, as if the witness had been present and had testified here in court.

## EXPERT TESTIMONY

You have heard testimony from expert witnesses in this case.  An expert is allowed to express an opinion on those matters about which he or she has special knowledge, training, and experience.  Expert testimony is presented to you on the theory that someone who is knowledgeable and experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing an expert's testimony, you may consider the expert's qualifications, opinions, reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony.  Has the expert witness produced before you a rational and reasonable basis in support of the opinions that the expert offers?  You may give the expert testimony whatever weight, if any, you find it deserves in light of all the evidence in this case.  You should not, however, accept an expert witness's testimony merely because he or she is an expert.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely with you.

## IMPEACHMENT OF WITNESS

A witness may be discredited or "impeached" by contradictory evidence, by a showing that the witness testified falsely concerning a material matter, or by evidence that at some other time the witness said or did something inconsistent with the witness's present testimony.  It is your exclusive province to give the testimony of each witness such credibility or weight, if any, as you think it deserves.

If you find that a witness testified untruthfully in some respect, you may consider that fact in deciding the weight you will give to that witness's testimony.  Considering that fact and all other relevant evidence, you may accept or reject the testimony of each witness either in whole or in part.

## UNCONTRADICTED TESTIMONY

You are not required to accept testimony even though the testimony is uncontradicted and the witness is not discredited or impeached.  You may decide, because of the witness's manner and demeanor, the improbability of his or her testimony, or other reasons, that such testimony is not worthy of belief.

On the other hand, the testimony of a single witness may be enough to convince you of a fact in dispute, if you believe that the witness has truthfully and accurately related what in fact occurred.

## NOTE TAKING

I must add a few general instructions concerning your deliberations.  You were permitted to take notes during the course of the trial.  Any notes you have taken should be used only as memory aids; do not give your notes more importance than your independent recollection of the evidence.  If you did not take notes, you should rely on your own memory of the proceedings and should not be unduly influenced by the notes of other jurors.  The fact that a particular juror has

taken notes entitles that juror's opinions to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during the course of deliberations.

<u>JURY BIAS</u>

Your verdict must be based solely upon the evidence developed at this trial, or the lack of evidence.  Please bear in mind that all litigants are equal before the law.  You should not, therefore, consider any personal feelings you may have about the size, location, or other features of the parties.  Similarly, it would be wrong for you to allow feelings you might have about the nature of the claims in this case to influence you in any way.

You have been chosen to try the issues of fact and reach a verdict on the basis of the evidence presented here.  If you let sympathy or prejudice interfere with your clear thinking about the facts, there is a risk that you will not arrive at a just verdict.

In reaching your verdict, you are not to be affected by sympathy for, or prejudice against, any of the parties.  You are not to be affected by what the reaction of the parties or the public to your verdict may be, whether it will please or displease anyone, be popular or unpopular or, indeed, any consideration outside the case as it has been presented to you in this courtroom.

<u>CLOSING ARGUMENTS</u>

At this point we will interrupt the instructions to hear closing arguments of counsel.  I will conclude the instructions after those summations.  Remember, what the lawyers say in their closing arguments is not evidence, but it is merely argument about what the evidence shows.

**[BREAK FOR CLOSING ARGUMENTS]**

<u>LAWYERS' ARGUMENTS ARE NOT EVIDENCE</u>

You have just heard closing arguments of counsel.  I want to remind you that what the lawyers have said is *not* evidence, even if it seemed at times as if they were testifying.  The lawyers merely presented their arguments about what the evidence has shown.  Their credibility is not an issue that should enter into your decision in this case.

## **CONCLUSION**

Your verdict must be unanimous and represent the considered judgment of each juror.

Each of you must make your own decision, but you must consider impartially all of the evidence and the views of your fellow jurors.  It is your duty to consult with one another and to deliberate with a view toward reaching an agreement, if you can do so consistent with the individual judgment of each juror.  Until a verdict is agreed to by each juror, it is not a unanimous verdict.

In the course of your discussion, do not hesitate to re-examine your own individual views, or to change your opinions, if the deliberations and the views of your fellow jurors convince you to do so.  But you should not surrender your honest convictions about the facts or about the weight or effect of the evidence solely because of the opinion of your fellow jurors or merely to bring an end to deliberations.

Remember at all times that you are not biased; rather you are the judges of the facts and your sole interest is to seek the truth from the evidence in this case.

When you return to the jury room, you should first elect one person to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court.

A verdict form has been prepared for your convenience.  Focusing on the questions set forth in the verdict form will assist you in your deliberations.  You must complete and return the verdict form in court when you have reached your decision.  You will be asked to answer the

questions in the order in which they appear on the form, and each answer must be unanimous. When you have reached a unanimous verdict, you will have your foreperson fill in your answers, date and sign the verdict form. Then inform the court security officer or clerk that you have reached a verdict. The verdict form must be used only in connection with the charge I have just given to you. The terms used in the verdict form are discussed in my instructions, and these instructions must govern your deliberations.

I want to caution you now to take your time when completing the verdict form. As you will see when you retire to the jury room, the form consists of several questions. Each question calls for either a "yes" or "no" answer or a monetary amount. Answer each question as it appears and only those questions. As you review the form, you will see that there are instructions *printed in italics* after each question. Please read these instructions and follow them carefully. Depending on your answer to a particular question, it may not be necessary to answer a later question. The *italicized instructions* will guide you through the verdict form. Finally, be consistent in your responses.

When you go into the jury room to begin your deliberations, you will have the exhibits with you, but you will not have a transcript of the testimony. If you want any of the testimony read to you, that can be done and will occur in open court. I encourage you to limit the recitation of testimony. It is not easy to locate specific portions of the testimony, and reading the testimony is a time-consuming process, so please be as specific as possible if and when you decide to request a reading of portions of the testimony. Similarly, should you wish to listen to or view any of the video recordings played during trial, that can be done only in open court.

Requests that stipulations or testimony be read back, as well as any other communication with the court, should be made in writing, signed by your foreperson, and given to the clerk or a

marshal.  I will respond to your request as promptly as possible either in writing or by having you return to the courtroom so that I can address you orally.

I also must warn you that in your communications with the court you should never reveal your numerical division at any time.

It is proper to add a final caution.

Nothing that I have said in these instructions—and nothing that I have said or done during the trial—has been said or done to suggest to you what I think your verdict should be. What the verdict shall be is your exclusive duty and responsibility.

Now, proceed to your deliberations in the jury room.  Deliberate only when all of you are present.  After you begin your deliberations, you are not to leave the jury room without first notifying the marshal or court security officer, who will escort you.  No deliberations may take place without all jurors being present.  If you bring your cell phones into the jury room, you must turn them off during deliberations.  You may not research any issue nor communicate with each other or with anyone about the case through the internet, e-mail, Blackberry, iPhone, text messaging, or on Twitter, through any blog or website, through any internet chat room, or by way of any other social networking websites, including Facebook, My Space, LinkedIn, and YouTube.  Further, if at any time a juror is in the bathroom facilities or on a cell phone, the other jurors must immediately cease deliberations and may not recommence deliberations until all jurors are present and all cell phones are off.

As you deliberate, determine the facts on the basis of the evidence as you have heard it and apply the law as I have outlined it for you.  Render your verdict fairly, uprightly and without a scintilla of prejudice.  Take as long as you think is necessary to fairly and impartially reach your verdict.  Thank you for your attention.