UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CARA MUNN, et al.,<br>　　　Plaintiffs, | |
| v. | No. 3:09-cv-919 (SRU) |
| THE HOTCHKISS SCHOOL,<br>　　　Defendant. | |

## RULING AND ORDER ON DEFENDANT'S MOTION FOR STAY OF EXECUTION AND WAIVER OF BOND REQUIREMENT

On June 18, 2014, defendant The Hotchkiss School ("Hotchkiss") moved to stay the execution of the Judgment in this case (doc. 254; *see also* doc. 259) without posting a supersedeas bond (doc. 255). Hotchkiss filed its notice of appeal shortly thereafter (doc. 257; *see also* doc. 260). Plaintiffs the Munns submitted their opposition, arguing that Rule 62(d) allows for stay of execution of a judgment during the pendency of an appeal only if the appellant posts a supersedeas bond or "provides an acceptable means of securing judgment." Pls.' Opp'n to Def.'s Mot. for Stay 1–2 (doc. 258) (citing *Fed. Deposit Ins. Corp. v. Ann-High Assocs.*, 129 F.3d 113, at *2 (2d Cir. 1997) (unpublished)). For the following reasons, Hotchkiss's motion is GRANTED IN PART and DENIED IN PART.

### I. Standard of Review

Rule 62(d) provides, if "an appeal is taken, the appellant may obtain a stay by supersedeas bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal." An appellant's petition for issuance of a stay is evaluated against the following four factors:

1

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether the issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Hilton v. Braunskill*, 481 U.S. 770, 776 (internal citation omitted).  Other district judges within the Second Circuit have further held that because the supersedeas bond is meant to protect the appellee and preserve the status quo, the appellant "carries the burden of objectively demonstrating the reasons for a departure from the requirement that a party post a supersedeas bond when seeking a stay pending appeal."  *Marandino v. D'Elia*, 151 F.R.D. 227, 228 (D. Conn. 1993); *see also de la Fuente v. DCI Telecommc'ns, Inc.*, 269 F. Supp. 2d 237, 240 (S.D.N.Y. 2003).  Importantly, "[t]he bond requirement should not be eliminated or reduced unless doing so 'does not unduly endanger the judgment creditor's interest in ultimate recovery.'"  *Marcoux v. Farm Serv. & Supplies, Inc.*, 290 F. Supp. 2d 457, 485 (S.D.N.Y. 2003) (internal citation omitted).

## II. Discussion

### A. Issuance of a Stay

I carefully examined the issues Hotchkiss is likely to raise on appeal in my original ruling denying Hotchkiss's post-trial motions for judgment as a matter of law, or in the alternative, for new trial, and to alter judgment (doc. 254).  Hotchkiss has not made a strong showing that it is likely to succeed on the merits upon appeal, nor has it demonstrated that it will be irreparably injured absent a stay.  Nevertheless, the nature of this case and the size of the Munns' award militate toward granting a stay during the pendency of the appeal.  Accordingly, I will stay enforcement of the judgment.

    B.  <u>Waiving the Requirement to Post a Supersedeas Bond</u>

Hotchkiss offers evidence of its insurance coverage as justification for waiving the supersedeas bond requirement, noting "the existence of $51 million in insurance coverage from financially secure insurance companies to pay the judgment should the defendant's appeal not succeed secures the interests of the plaintiffs in this judgment." Def.'s Mot. for Stay 4. Its declarations and exhibits rely on its insurers' financial strength ratings and on the fact that the Munns' total damages award—$41,465,905.39—falls below Hotchkiss's total insurance coverage under several policies.

Hotchkiss's declarations and exhibits are insufficient to meet its burden of "providing specific reasons why the court should depart from the standard requirement of granting a stay only after posting of a supersedeas bond in the full amount of the judgment." *de la Fuente*, 269 F. Supp. 2d at 240. As noted in a separate case in which a defendant sought to rely on its financial strength rating as justification for waiving its bond requirement, "a company's assets and its financial rating are not necessarily adequate assurances of its financial health." *Ryan v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A.*, No. 3:03-cv-644 (CFD), 2010 WL 7863486, at *1 (D. Conn. Nov. 23, 2010). Hotchkiss has not provided assurance that its assets are sufficient to cover the Munns' award if other claims are made against its current insurance policies. Nor has Hotchkiss demonstrated that it, or its insurers, will have sufficient, liquid assets with which to effect payment of the Munns' award should Hotchkiss's appeal be denied. Finally, given Hotchkiss's alleged financial strength, it should not be a significant hardship for it to post a $41,465,905.39 supersedeas bond.

### III. Order

Hotchkiss's motion to waive Rule 62(d)'s requirement that a supersedeas bond be posted is DENIED.  Conditioned upon Hotchkiss filing a supersedeas bond within fourteen (14) days from the date of this Order, its motion to stay execution of the judgment pending appeal is GRANTED.

It is so ordered.

Dated at Bridgeport, Connecticut, this 14h day of July 2014.

                /s/
              Stefan R. Underhill
              United States District Judge